Dear Judge Savoie:
You have requested an opinion of the Attorney General as to whether a judge, against whom complaints before the Judicial Commission of Louisiana (Commission) were lodged, is considered exonerated when the complaints are dismissed due to his resignation from his judicial office.
According to the information you sent, one of the judges from the Fourteenth Judicial District is seeking indemnification for legal fees in connection with complaints lodged against him before the Commission. He later resigned from judicial office while the charges were pending. As a result of his resignation, the Commission lost jurisdiction over the matter and dismissed the formal charges without prejudice.
Under La.R.S. 13:5108.1, the state shall indemnify an official holding office in a judicial district court of the state "against any claim, demand, suit, complaint or petition seeking damages filed in any court over alleged negligence or other act by the individual . . . when the act that forms the basis of the cause of action took place while the individual was engaged in the performance of the duties of the individual's office or employment with the state." The law, however, does not specifically address the reimbursement of legal fees incurred in connection with proceedings before the Commission.
As you are aware, this office has opined that a judge may be reimbursed for legal fees incurred in connection with an investigation by the Commission, if the nature of the complaints arose out of his official duties of office. See La. Atty. Gen. Op. Nos. 01-149 and 05-0144.[1]
Nevertheless, payment of attorney fees is prohibited *Page 2 
until the judge is exonerated of all charges by the Commission. Id. The requirement of exoneration is to avoid violation of the prohibition of the Constitution relative to the donation of public funds. See Louisiana Constitution Art. VII, § 14(A).
The Louisiana Supreme Court in In re Justice of the Peace A.J.Montalbano, 940 So.2d 645, 2006-2340 (La. 10/27/06), addressed a somewhat similar issue to the facts presented in your opinion request. In Montalbano, the Commission filed formal charges against Justice of the Peace Montalbano and subsequently recommended to the Court that he be removed from office. Justice of the Peace Montalbano resigned from office prior to oral argument, rendering the proceeding moot. For that reason, the court dismissed the proceeding without prejudice, reserving the right of the Commission to reinstate the proceeding against Justice of the Peace Montalbano should he qualify for, and be elected to, the office of justice of the peace in the future. Id. at 646.
In the case at hand, the Commission filed formal charges against the judge. The judge resigned from office effective March 1, 2008. Accordingly, the Commission lost jurisdiction over the matter, and Special Counsel filed a Motion to Dismiss Formal Charges. The Commission granted the Motion. The Order filed by the Commission states ". . . as a result of Judge [name omitted]'s resignation from his judicial office effective March 1, 2008, the Commission has granted the motion. Formal Charge 0291 is dismissed without prejudice, effective March 1, 2008 . . ."
Thus, it appears that the Commission reserved the right to reinstate the proceedings against the judge should he qualify for, and be elected to, judicial office in the future. As such, the judge was not exonerated by the Commission, and he is not entitled to reimbursement for legal fees associated with the investigation by the Commission. *Page 3 
We hope that this sufficiently answers your inquiry; however, if we may be of further assistance please do not hesitate to contact our Office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 By:__________________________
 ERIN C. DAY
 Assistant Attorney General
[1] In Attorney General Opinion 01-149, a judge in the Thirty-third Judicial District Court sought reimbursement of legal fees incurred in connection with complaints before the Commission. The judge successfully defended the allegations; therefore, he was exonerated of all charges and could be reimbursed for the legal fees incurred. This office also addressed a similar issue in Attorney General Opinion 05-0144 wherein a judge in the Fourteenth Judicial District sought reimbursement for legal fees in connection with allegations that were still under review by the Commission. This Office stated that payment was prohibited until and unless the judge was exonerated of all allegations investigated by the Commission. Hence, payment could not be made prior to the conclusion of the proceedings.